**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Ceonda Rees, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 4:24-cv-899 |
| Liberty Life Assurance Company of Boston, | ) | |
| and | ) | |
| Lincoln Financial Group of Boston, | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, Ceonda Rees, by her attorney, David Hicks, and complaining against the Defendants, Plaintiff alleges the following:

**Jurisdiction and Venue**

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§ 1132(e)(1) and 1132(f). These provision give the district courts jurisdiction to hear civil action brought to recover benefits due under the terms of an employee welfare benefit plan which, in this case, consists of a group long term disability plan underwritten and insured by Liberty Life Assurance Company of Boston ("Liberty") and the Lincoln Financial Group of Boston ("Lincoln"). In addition, this action may be brought before this court pursuant to 28 U.S.C. §1331, which give the district court jurisdiction over actions that arise under the laws of the United States.

2. The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials. Those avenues of appeal have been exhausted.

3. Venue is proper in the Eastern District of Missouri. 29 U.S.C. §1132(e)(2), 28 U.S.C. §1391.

**Nature of Action**

4. This is a claim seeking payment of disability income benefits pursuant to a policy of insurance underwritten and insured by Liberty and Lincoln, to provide Long Term Disability Insurance Benefits under a benefit plan provided to employees of BJC HealthCare System under Group Policy No. GF3-840-444999-01. This action seeking recovery of benefits, is brought pursuant to 29 U.S.C. §1132(a)(1)(B).

**The Parties**

5. Ceonda Rees ("Rees") was an employee of BJC Healthcare System d/b/a BJC Healthcare ("BJC") and was employed in the Eastern District of Missouri when she stopped working at BJC and started receiving short-term disability and then long-term disability insurance benefits.

6. Liberty and Lincoln are corporations which have, at all times relevant hereto, done business within this district. The Plan is an employee benefit plan which has operated and exists within this district at all times relevant hereto and is governed by the law of the State of Missouri.

7. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1); and incident to her employment, Rees received coverage under the Plan as a "participant" as defined by 29 U.S.C. §1002(7). This claim relates to benefits under the foregoing Plan.

**Statement of Facts**

8. Rees was employed in a full-time capacity by BJC until December 7, 2020, when she had to cease working due to disabilities.

9. Liberty and Lincoln initially approved her claim under the "Own Occupation" standard and paid her long term disability benefits from her effective date of 06/05/2021 through 06/04/2023 when Liberty and Lincoln ceased paying Rees benefits when the disability standard changed from the "Own Occupation" standard to the "Any Occupation" standard which is defined as:

"Any Occupation" means any occupation that the Covered Person is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity.

12. Rees made a timely appeal of the termination of benefits and Liberty and Lincoln upheld its prior termination in a denial letter dated 01/09/2024.

13. The determination by Libery and Lincoln is contrary to the terms of the welfare benefit plan and has no rational support in the evidence. That decision was also contrary to the reports of all treating and examining physicians and their assessments.

14. As a direct and proximate result thereof, based on the evidence submitted to Liberty and Lincoln establishing that Rees has met the Plan definitions of "disabled" continuously since the onset of her disability, and that she continues to meet that definition, Rees is entitled to payment of monthly disability insurance payment retroactive to 06/04/2023, plus interest on all overdue payments at the statutory rate of 9% in accordance with Missouri Revised Statues, Sec. 408.020.1.

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against Defendants and that the Court order Defendants to pay disability income benefits to Plaintiff in an amount equal to the contractual amount of benefits to which she is entitled;

B. That the Court order the Defendants to pay Plaintiff prejudgment interest on all benefits that have accrued prior to the date of judgment at the rate of 9% per annum;

C. That the Court order Defendants to continue paying Plaintiff benefits until such time as she meets the policy conditions for discontinuance of benefits;

D. That the Court award Plaintiff attorney's fee pursuant to 29 U.S.C. §1132(g); and

E. That Plaintiff recover any and all other relief to which she may be entitled, as well as the costs of suit.

Date: 06/28/2024

Respectfully submitted,

/s/ David Hicks
David Hicks
Attorney for Plaintiff

David Hicks, #114177
David M. Hicks, P.C.
528 Henry Street
Alton, IL 62002
618-343-0901
618-301-3360 (fax)
davidmhickspc@hushmail.com