**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CEONDA REES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-cv-00899 |
| | ) | |
| **LIBERTY LIFE ASSURANCE COMPANY OF BOSTON AND LINCOLN FINANCIAL GROUP OF BOSTON,** | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants Lincoln Life Assurance Company of Boston and Lincoln Financial Group[1] (collectively, "Defendants" or "Lincoln") file this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Ceonda Rees ("Plaintiff"), and state as follows:

**Jurisdiction and Venue**

1. Lincoln admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"). Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief

---

[1] The correct Defendant in this action is The Lincoln National Life Insurance Company. There is no entity named "Lincoln Financial Group of Boston." Lincoln Financial Group is the marketing name for Lincoln National Corporation and its affiliates. The Lincoln National Life Insurance Company was previously a parent corporation of Lincoln Life Assurance Company of Boston (f/k/a Liberty Life Assurance Company of Boston), and Lincoln Life Assurance Company of Boston was the issuer of the relevant disability insurance policy. However, Lincoln Life Assurance Company of Boston has now merged with, and is now known as, The Lincoln National Life Insurance Company. Accordingly, "The Lincoln National Life Insurance Company" is the correct Defendant in this action.

against Lincoln. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the BJC Health System d/b/a BJC HealthCare Long Term Disability Plan ("the LTD Plan"), which is an employee benefit plan as defined by ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits it issued Group Disability Income Policy No. GF3-840-444999-01 (the "Policy") to BJC Health System d/b/a BJC HealthCare ("BJC"), which Policy, at certain times, insured certain benefits paid by the LTD Plan. To the extent that the allegations contained in Paragraph 1 of the Complaint contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. To the extent that the allegations contained in Paragraph 2 of the Complaint contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln denies the allegations contained in Paragraph 3 of the Complaint.

## Nature of Action

4. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, which is an employee benefit plan as defined by ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits it issued the Policy to BJC, which Policy, at certain times, insured certain benefits paid by the LTD Plan. Lincoln admits Plaintiff was, at certain times, employed by BJC and was, at certain times, a participant in the LTD Plan. Lincoln admits Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)). Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

## The Parties

5. Lincoln admits Plaintiff was, at certain times, employed by BJC in Missouri and was, at certain times, a participant in the LTD Plan. Lincoln admits Plaintiff received, at certain times, benefits from the BJC Health System d/b/a BJC HealthCare Short Term Disability Plan ("the STD Plan"). Lincoln admits Plaintiff received, at certain times, benefits from the LTD Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania and that is licensed to do business in Missouri. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, which is an employee benefit plan as defined by ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from the LTD Plan, which is an employee benefit plan as defined by ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits Plaintiff was, at certain times, employed by BJC and was, at certain times, a participant in the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

## Statement of Facts

8. Lincoln admits Plaintiff was, at certain times, employed by BJC and that Plaintiff's last day of work at BJC was December 4, 2020. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. To the extent that the allegations contained in Paragraph 9 seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits Plaintiff received, at certain times, benefits from the LTD Plan under the Policy. Lincoln admits it sent a letter to Plaintiff dated December 2, 2022, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. There is no Paragraph Numbered "10" contained in the Complaint.

11. There is no Paragraph Numbered "11" contained in the Complaint.

12. Lincoln admits it received an appeal of the denial of Plaintiff's claim for further benefits from the LTD Plan under the Policy, along with additional documentation, which is

contained in the administrative record regarding Plaintiff's claim for benefits from the LTD Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits it sent a letter to Plaintiff's counsel dated January 9, 2024, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln denies the allegations contained in Paragraph 13 of the Complaint.

14. Lincoln denies the allegations contained in Paragraph 14 of the Complaint and the WHEREFORE Paragraph thereafter.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan under the Policy was arbitrary and capricious because the Policy and the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of income earned by Plaintiff or any award of other benefits, including any disability or retirement benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln reserves the right to assert additional defenses.

**PRAYER**

WHEREFORE, having fully answered Plaintiff's Complaint, Lincoln moves this Court to dismiss Plaintiff's Complaint with prejudice, award its costs and fees expended herein and for such other and further relief as the Court deems proper.

Respectfully submitted,

By: *_/s/ Iwana Rademaekers_*

Iwana Rademaekers (MOED Bar # 16452560T)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANTS

## CERTFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court this 22nd day of August 2024 to be served by operation of the Court's electronic filing system upon the following:

David M. Hicks, P.C.
davidmhickspc@hushmail.com

*Attorney for Plaintiff*

/s/ *Iwana Rademaekers*
Iwana Rademaekers